Jason M. Brown
REED SMITH LLP
599 Lexington Avenue
22nd Floor
New York, NY 10022
Tel: (212) 521-5400
Fax: (212) 521-5450

Wayne C. Stansfield (*pro hac vice* forthcoming)
Nicholas R. Rodriguez (*pro hac vice* forthcoming)
REED SMITH LLP
1717 Arch Street
Suite 3100
Philadelphia, PA 19103
Tel: (215) 851-8100
Fax: (215) 851-1420

*Counsel for Plaintiff*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW YORK
## SOUTHERN DIVISION

| | | |
|---|---|---|
| EQUINOR NATURAL GAS LLC (F/K/A STATOIL NATURAL GAS LLC) | ) ) ) | |
| Plaintiff, | ) ) | Case No.: 20-cv-4038 |
| vs. | ) ) | |
| EAST COAST POWER AND GAS, LLC | ) ) | |
| Defendant. | ) ) ) | |

## <u>COMPLAINT</u>

Equinor Natural Gas LLC (f/k/a Statoil Natural Gas LLC) ("Plaintiff" or "Equinor"), by and through its undersigned counsel, Reed Smith LLP, in support of its Complaint against Defendant East Coast Power and Gas, LLC ("Defendant" or "ECPG" and, together with Plaintiff, the "Parties") avers as follows:

## NATURE OF ACTION

1.      This is a simple and straightforward breach of contract action.

2.      On July 16, 2014, Equinor and ECPG entered into a written agreement for the sale and purchase of natural gas.  The agreement provided that Equinor would supply ECPG with natural gas and ECPG would pay for it.

3.      In February and March 2020, Equinor supplied ECPG with 328,500 and 103,900 MMBTU's worth of natural gas, respectively.  Pursuant to the parties' agreement, ECPG was obligated to pay Equinor $581,516.50 by March 25 and $158,023.00 by April 27 for the gas. Those dates have past and Equinor has yet to receive any payments from ECPG.

4.      Despite Equinor's several requests to ECPG for payment on these overdue amounts, Equinor has still not been paid.  Accordingly, Equinor was left with no choice but to file this action to recover the amounts owed to it by ECPG for gas ECPG has already received.

## PARTIES

5.      Plaintiff is a limited liability company formed under the laws of the State of Delaware with its principal place of business located at 120 Long Ridge Road, Suite 3EO1, Stamford, CT 06902, that develops, produces, and supplies natural gas (among other things) to energy providers around the world.  Equinor was formerly known as Statoil Natural Gas LLC before its name change in 2018.

6.      Upon information and belief, Defendant is a limited liability company formed under the laws of the State of New York with its principal place of business located at 340 Jackson Ave, Bronx, NY 10454, that provides natural gas (among other things) to residential and commercial clients in and around New York.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a)(1) and § 1332(c)(1), because the amount in controversy (exclusive of interest and costs) exceeds $75,000, and because there is complete diversity of citizenship of the Parties.

8.      Venue for this action is proper under Section 15.5 of the Base Contract for Sale and Purchase of Natural Gas pursuant to which the Parties agreed that the United States District Court for the Southern District of New York would have "exclusive jurisdiction" over "any and all disputes arising out of or in connection with this Contract, including without limitations, its formation validity, interpretation, execution, termination or breach…."

## FACTUAL BACKGROUND

**The Parties Enter into a Written Agreement for the Sale and Purchase of Natural Gas**

9.      On July 16, 2014, Equinor and ECPG entered into a Base Contract for Sale and Purchase of Natural Gas (the "Agreement") whereby Equinor would sell natural gas to ECPG.  A true and correct copy of the Agreement is attached hereto as **Exhibit A**.

10.     Specifically, under Section 3.1 of the Agreement, Equinor "agree[d] to sell and deliver, and [ECPG] agree[d] to receive and purchase, the Contract Quantity for a particular transaction in accordance with the terms of the Contract."  Ex. A. § 3.1. The Agreement further provided that the "Contract Quantity" was "the quantity of Gas to be delivered and taken as agreed to by the parties in a transaction."  *Id.* § 2.11.

11.     To facilitate future purchase and sale transactions of natural gas, the Parties agreed to use an "Oral Transaction Procedure."  *Id.* § 1.2.  Such procedure provided that any transaction for gas could be effectuated "in an EDI transmission or telephone conversation with the offer and acceptance constituting the agreement of the parties."  *Id.*

12.     As to the purchase price for the gas, the Parties agreed that for each natural gas transaction, ECPG would pay an "amount expressed in U.S. Dollar per MMBtu to be paid by [ECPG] to [Equinor] for the purchase of Gas as agreed to by the parties in a transaction." *Id.* § 2.10.  Payment for the gas would be due on the 25th day of the month following the month of delivery of the natural gas.  *Id.* § 7.2.

13.     However, "[i]f the invoiced party fail[ed] to remit the full amount payable when due, interest on the unpaid portion shall accrue from the date due until the date of payment at a rate equal to the lower of (i) the then-effective prime rate of interest published under 'Money Rates' by The Wall Street Journal, plus two percent per annum; or (ii) the maximum applicable lawful interest rate."  *Id.* at § 7.5.

**ECPG Fails to Pay for Natural Gas it Receives in Breach of the Agreement**

14.     Following the execution of the Agreement, Equinor provided, and ECPG purchased, natural gas from Equinor.

15.     On March 8, 2020, Equinor issued ECPG an invoice in the amount of $581,516.50 for 328,500 MMBTU of natural gas, which Equinor delivered to ECPG in February 2020.  A true and correct copy of the invoice is attached hereto as **Exhibit B**.  The invoice provided that payment would be due to Equinor on or before March 25, 2020, as provided for under Section 7.2 of the Agreement.

16.     On March 31, 2020, Equinor contacted ECPG by email about the February Invoice.  Equinor requested that ECPG pay the February Invoice, which was then six days past due.

17.     After failing to receive a response from ECPG, Equinor contacted ECPG again by email on April 1, 2020 requesting payment of the February Invoice.  ECPG again did not respond to Equinor's email.

18.     On April 3, 2020, Equinor sent a third email to ECPG requesting payment of the February Invoice, now being nine days past due.

19.     Finally, on April 3, 2020, ECPG responded to Equinor.  ECPG indicated in that response that it was suffering "operating and liquidity" issues due to the COVID-19 pandemic and was working towards rectifying the situation of the non-payment.

20.     Recognizing the struggles ECPG and others were suffering during the COVID-19 pandemic, Equinor responded the same day offering to discuss partial payments and/or payment schedules, among other things, for the $581,516.50 worth of natural gas that Equinor had already delivered to ECPG.

21.     In addition, in that same email, Equinor noted that it anticipated that it would deliver to ECPG an additional $158,032.00 of gas in March 2020 (the "March Invoice").  As a result, Equinor requested a prompt response regarding the past due February Invoice.

22.     Yet, again, ECPG did not respond to Equinor's repeated follow up emails requesting an update on the past due February Invoice, which were sent on April 7, 2020, April 8, 2020, and April 13, 2020.

23.     It was not until April 14, 2020 that ECPG finally responded to Equinor's repeated emails requesting an update.  And yet, even then, ECPG merely stated that it would try to provide an update to Equinor about the past due payment by the end of the day.

24.     After ECPG failed to provide that update, Equinor again followed up on April 15, to which ECPG responded on April 17 that it was continuing to suffer from liquidity problems and that it would know more regarding extending its credit line in the next few days.

25.     In light of the foregoing and the fact that payment was now 23 days past due, Equinor sent a formal demand letter (the "Demand") to ECPG on April 17 requesting immediate

payment of the February Invoice and noting that the March Invoice was due on April 27.  A true and correct copy of the Demand is attached hereto as **Exhibit C**.

26.    Because ECPG was in default of the Agreement, the Demand also indicated that Equinor was entitled to immediately terminate the Agreement, accelerate ECPG's upcoming payment, and file a legal action to recover the outstanding balances.  ECPG did not respond to the Demand.

27.    Since then, ECPG has paid neither its February Invoice nor its March Invoice, which is also now past due.

28.    In fact, since February 2020, Equinor has not received any payments from ECPG for over 432,400 MMBTU worth of natural gas that Equinor has delivered to ECPG between February and March 2020.

29.    Accordingly, and given ECPG's failure to respond to any of Equinor's repeated requests for payments, Equinor was forced to file this action seeking past due payments plus interest thereon for the natural gas Equinor has delivered to ECPG pursuant to the Agreement.

## COUNT I
### Breach of Contract

30.    Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 29 hereof as if fully set forth herein.

31.    The Parties entered into a valid and enforceable contract on July 16, 2014 pursuant to which Plaintiff agreed to provide Defendant with natural gas and Defendant agreed to pay for said gas.

32.    Pursuant to the Agreement, Plaintiff delivered to Defendant, and Defendant accepted, 432,400 MMBTU of natural gas in February and March of 2020.

33.     In breach of the Agreement, Defendant failed to pay for the delivered gas at the agreed upon price by the agreed upon payment date as set forth in the Agreement despite repeated requests from Plaintiff to do so.

34.     Plaintiff has been harmed as a result of Defendant's breaches of the Agreement in an amount of no less than $739,539.50 plus interest.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays this Court for:

A.     A declaration that Defendant has breached the Agreement;

B.     Damages sustained by Plaintiff as a result of Defendant's breach of the Agreement;

C.     Pre-judgment and post-judgment interest; and

D.     Such other and further relief for which the Court may deem proper.

Dated: May 26, 2020                                Respectfully submitted,

                                                  /s/ *Jason M. Brown*
                                                 Jason M. Brown
                                                 REED SMITH LLP
                                                 599 Lexington Avenue
                                                 22nd Floor
                                                 New York, NY 10022
                                                 Tel: (212) 521-5400
                                                 Fax: (212) 521-5450

                                                 Wayne C. Stansfield (*pro hac vice*
                                                 forthcoming)
                                                 Nicholas R. Rodriguez (*pro hac vice*
                                                 forthcoming)
                                                 REED SMITH LLP
                                                 1717 Arch Street
                                                 Suite 3100
                                                 Philadelphia, PA 19103
                                                 Tel: (215) 851-8100
                                                 Fax: (215) 851-1420

                                                 *Counsel for Plaintiff*